

**U.S. Department of Justice**

***Nathaniel R. Mendell***
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 23, 2021

Jack P. DiCanio, Esq.
Michael K. Loucks, Esq.
Skadden Arps Slate Meagher & Flom LLP
525 University Avenue
Palo Alto, California 94301

Re: United States v. Marci Palatella
Criminal No. 19-10080-NMG

Dear Mr. DiCanio and Mr. Loucks:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Marci Palatella ("Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, but in any event no later than August 30, 2021, Defendant will plead guilty to Count One of the Fourth Superseding Indictment insofar as it charges conspiracy to commit honest services mail fraud, in violation of Title 18, United States Code, Section 1349. Defendant expressly and unequivocally admits that she committed that crime, did so knowingly and intentionally, and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss Count Two of the Fourth Superseding Indictment following the imposition of sentence at the sentencing hearing.

The U.S. Attorney agrees that, based upon the information known to the U.S. Attorney's Office at this time, no further criminal charges will be brought against the Defendant in connection with the conduct set forth in the Fourth Superseding Indictment.

2. Penalties

Defendant faces the following maximum penalties on Count One of the Fourth Superseding Indictment: incarceration for 20 years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Fourth Superseding Indictment.

3. Fed. R. Crim. P. 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw her plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw her guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculation, to take the position at sentencing that Defendant's total offense level under the United States Sentencing Guidelines ("USSG" or "Guidelines") is 20:

(a) in accordance with USSG § 2B4.1, Defendant's base offense level is eight, because the offense of conviction is conspiracy to commit honest services mail fraud;

(b) in accordance with USSG §§ 2B4.1(b)(1)(B) & 2B1.1(b)(1)(H), Defendant's offense level is increased by 14, because the value of the improper benefit to be conferred was more than $550,000 and not more than $1.5 million; and

(c) in accordance with USSG § 3E1.1(a), Defendant's offense level is decreased by two, because Defendant has accepted responsibility for Defendant's crime.

Defendant understands that the Court is not required to follow this calculation.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5, if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice. Defendant does not dispute the accuracy of Paragraphs 22, 31, 32, 45 through 57, 210 through 224, 299, 300, 338, and 339 of the Fourth Superseding Indictment. Defendant understands that her failure to fully accept responsibility for such conduct will constitute a breach of this Plea

Agreement, and that her stipulation and agreement may be used against her in the event of such breach.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) incarceration for a period of six weeks;

(b) a fine of $250,000;

(c) 24 months of supervised release, with a condition of home confinement for the first 6 months of supervised release, and 500 hours of community service imposed as an additional condition of supervised release; and

(d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release:

During the term of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(a) cooperate with the Examination and Collection Divisions of the IRS;

(b) provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

(c) provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

(d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

(e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

6. Waiver of Right to Appeal and to Bring Future Challenge

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) She will not challenge her conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) She will not challenge her sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence regardless of whether she later changes her mind or finds new information that would have led her not to agree to give up these rights in the first place.

Defendant acknowledges that she is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyers rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

7. Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Plea Agreement, Defendant voluntarily and knowingly waives any claim Defendant might assert under

this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count Two of the Fourth Superseding Indictment.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. Breach of Plea Agreement

Defendant understands that if she breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw her guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if she breaches any provision of this Agreement or engages in any of the aforementioned conduct, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Stephen E. Frank.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: ______________________________
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
JORDI DE LLANO
SETH B. KOSTO
Deputy Chiefs
Securities, Financial & Cyber Fraud Unit

______________________________
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
IAN J. STEARNS
STEPHEN E. FRANK
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Marci Palatella
Defendant

Date: 8/23/21

I certify that Marci Palatella has read this Plea Agreement and that we have discussed its meaning. I believe she understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly.

Jack P. DiCanio, Esq.
Michael K. Loucks, Esq.
Attorneys for Defendant

Date: 8/23/21